

Michael M. Rosenbaum (MR 6304)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-0999
(973) 379-4800
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANTAI NORTH ANDREW JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., | 06-02718<br>Civil Action No. 05-1049 (WJM)<br>**FILED ELECTRONICALLY** |
| Plaintiffs, | |
| v. | |
| ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR., PGB INTERNATIONAL f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a PITTRA, Inc., G.B. INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, | **ANSWER AND COUNTERCLAIM** |
| Defendants. | |

Defendants, Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr., PGB International, and Pittra G. B. International, answering the complaint, state:

PARTIES, JURISDICTION AND VENUE

1.   Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2.   Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. Defendants admit that Arthur Kupperman resides in New Jersey, but deny that he resides in Warren, New Jersey.

4. Defendants admit paragraph 4.

5. Defendants admit paragraph 5.

6. Defendants deny paragraph 6.

7. Defendants admit paragraph 7.

8. Defendants admit that PGB International is a New Jersey LLC with a principal place of business at 6 South Street, Morristown, NJ., but deny all other allegations of Paragraph 8.

9. Defendants admit that Pittra G.B. International is a New Jersey corporation and had an office at 123 Madison Ave., Madison, NJ., but deny the remaining allegations of paragraph 9.

10. Defendants deny paragraph 10.

11. Defendants deny paragraph 11.

12. Defendants deny paragraph 12, but concede that PGB International and Pittra G. B. International are located at 6 South Street, Morristown, NJ.

13. Defendants deny paragraph 13.

14. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants deny paragraph 15.

16. Defendants admit paragraph 16.

17. Defendants admit paragraph 17.

## GENERAL ALLEGATIONS

18. Defendants repeat their answers to paragraphs 1 through 17.

19. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Defendants admit that Pittra G. B. International and PGB International were involved in the importation of industrial food ingredients, but deny all other allegations of paragraph 20.

21. Defendants deny paragraph 21.

22. Defendants deny paragraph 22.

23. Defendants admit that Pittra G. B. International purchased product from Yantai North Andre Juice Co. Ltd., but defendants have neither knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23.

24. Defendants admit paragraph 24.

25. Defendants deny paragraph 25.

26. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39.

40. Defendants admit paragraph 40.

41. Defendants admit that Arthur Kupperman and E. Ross Browne executed a corporate resolution on behalf of PGB International authorizing the purchase of certain assets from Pittra G.B. International, but deny the other allegations in paragraph 41.

42. Defendants admit paragraph 42.

43. Defendants admit paragraph 43.

44. Defendants admit paragraph 44.

45. Defendants deny that Kupperman and Krelman are married to each other, but admit all other allegations of paragraph 45.

46. Defendants admit paragraph 46, but note that the customer agreements which PGB International acquired were those set forth in Schedule 1(a) (i)annexed to the Asset Purchase Agreement.

47. Defendants admit paragraph 47.

48. Defendants admit paragraph 48.

49. Defendants admit paragraph 49.

50. Defendants admit paragraph 50.

51. Defendants admit paragraph 51.

52. Defendants deny that Kupperman and Krelman are married to each other, but admit all other allegations of paragraph 52.

53. Defendants admit that PGB International's website is www.pittra.com but deny the other allegation in paragraph 53.

54. Defendants deny paragraph 54.

55. Defendants admit that PGB International does business with some former customers of Pittra G.B. International, but denies all other allegations of paragraph 55.

56. Defendants deny paragraph 56.

57. Defendants admit paragraph 57.

58. Defendants admit paragraph 58, but notes that PGB International is an LLC.

## FIRST COUNT
(Fraudulent Transfer Act)

59. Defendants repeat their answers to paragraphs 1 through 58.

60. Defendants deny paragraph 60.

61. Defendants deny paragraph 61.

62. Defendants deny paragraph 62.

63. Defendants deny paragraph 63.

64. Defendants deny paragraph 64.

## SECOND COUNT
(Fraud and Creditor Fraud)

65. Defendants repeat their answers to paragraphs 1 through 64.

66. Defendants deny paragraph 66.

67. Defendants deny paragraph 67.

68. Defendants deny paragraph 68.

69. Defendants deny paragraph 69.

70. Defendants deny paragraph 70.

71. Defendants deny paragraph 71.

-6-

72. Defendants deny paragraph 72.

73. Defendants deny paragraph 73.

### THIRD COUNT
(Civil Conspiracy)

74. Defendants repeat their answers to paragraphs 1 through 73.

75. Defendants deny paragraph 75.

76. Defendants deny paragraph 76.

77. Defendants deny paragraph 77.

### FOURTH COUNT
(Damages from Fraudulent and Bad Faith Defense of Litigation)

78. Defendants repeat their answers to paragraphs 1 through 77.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

81. Defendants deny paragraph 81.

82. Defendants deny paragraph 82.

83. Defendants deny paragraph 83.

### AFFIRMATIVE DEFENSES

1. PGB International purchased certain assets of Pittra G.B. International and paid more than their reasonably equivalent value.

2. The formation of PGB International and its acquisition of certain assets of Pittra G.B. International was for legitimate business reasons and not to hinder, delay or defraud creditors.

3. PGB International purchased certain assets of Pittra G.B. International in good faith and for a reasonably equivalent value. See N.J.S.A. 25:2-30a.

4. Any judgment in plaintiffs' favor will be subject to an equitable adjustment as required in N.J.S.A. 25:2-30b and c.

5. In the event it is determined that a defendant is liable to plaintiffs, such liability must be reduced by the amount of value given Pittra G.B. International for the transferred assets. See N.J.S.A. 25:2-30d(3).

6. To the extent that plaintiffs allege a cause of action under N.J.S.A. 25:2-27b., it is barred by the applicable one-year limitations period contained in N.J.S.A. 25:2-31c.

7. Certain remedies sought by plaintiffs are barred by principles of laches.

8. Defendant Pittra G.B. International was not a debtor of Plaintiffs because they were liable to said defendant for breach of contract, tortious interference and violation of the Franchise Practices Act and plaintiffs liability exceeded any amounts owed to them by said defendant.

9. The defenses in N.J.S.A.25:2-30 shield defendants from liability.

## COUNTERCLAIM

1.  Defendant Pittra G.B. International, by way of counterclaim against plaintiffs, states:

### FIRST COUNT
(Breach of Contract)

2.  Pittra G. B. International was in the business of purchasing industrial food ingredients for resale to food processors.

3.  Plaintiffs produce and sell industrial food ingredients.

4.  In 2001 plaintiffs, by written contract (hereafter exclusive contract), appointed Pittra G.B. International plaintiffs' exclusive representative for the sale of plaintiffs' products to certain specified customers (hereafter exclusive customers).

5.  Pursuant to the exclusive contract, Pittra G.B. International purchased plaintiffs' products and resold them to the exclusive customers, thereby earning substantial profits.

6.  In 2002, plaintiffs breached the exclusive contract by selling to exclusive customers directly or through other resellers or intermediaries.

7.  As a consequence of plaintiffs' breach of the exclusive contract Pittra G.B. sustained damages.

WHEREFORE, defendant- counterclaimant, Pittra G. B. International demands judgment against plaintiffs for monetary damages and such other relief to which it may be entitled.

## SECOND COUNT
(Good Faith and Fair Dealing)

8.  Defendant-counterclaimant, Pittra G.B. International repeats the allegations in paragraphs 1 through 5 of this counterclaim.

9.  In 2002, plaintiffs breached the implied covenant of good faith and fair dealing by selling to exclusive customers directly or through other resellers or intermediaries.

10. As a consequence of plaintiffs' breach of the implied covenant of good faith and fair dealing Pittra G.B. International sustained damages.

WHEREFORE, defendant-counterclaimant, Pittra International G. B. demands judgment against plaintiffs for monetary damages and such other relief to which it may be entitled.

## THIRD COUNT
(Tortious Interference with Prospective Economic Advantage)

11. Defendant-counterclaimant, Pittra G.B. International, repeats the allegations in paragraphs 1 through 5 of this counterclaim.

12. Defendant-counterclaimant, Pittra G.B. International, had a legitimate expectation of continued economic benefit and goodwill in its relationships with the exclusive customers.

13. Plaintiffs intentionally and maliciously interfered with Pittra G.B. International's relationships with the exclusive customers by soliciting business from the exclusive customers directly or through intermediaries, thereby causing confusion among the exclusive customers regarding the identity of plaintiffs' authorized representatives and casting doubt on Pittra G. B. International's credibility as Plaintiffs' exclusive representative.

14. As a consequence of plaintiffs' intentional and malicious interference, Pittra G. B. International's relationships with the exclusive customers was severely damaged, thereby impairing goodwill and causing loss of future sales to those customers.

WHEREFORE, defendant –counterclaimant demands judgment against plaintiffs for monetary damages and such other relief to which it may be entitled.

### FOURTH COUNT
(Franchise Practices Act)

15. Defendant- counterclaimant, Pittra G.B. International repeats the allegations in paragraphs 1 through 5 of this counterterclaim.

16. The exclusive contract granted Pittra G.B. International a franchise within the meaning of The Franchise Practices Act (the Act), N.J.S.A. 56:10-1 et. seq.

17. Plaintiffs terminated the franchise in violation of the Act, thereby damaging the defendant-counterclaimant.

WHEREFORE, defendant-counterclaimant demands judgment against plaintiffs for monetary damages, counsel fees and such other relief to which it may be entitled.

>                BUDD LARNER, P.C.
>                Attorneys for Defendants
>
>
>                BY:_____/s_____
>                     MICHAEL M. ROSENBAUM

DATED: April 19, 2005

-11-

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding, except for a matter pending in the United States District Court for the District of New Jersey, captioned <u>Yantai, et al. v. Camerican International, Inc., et al.</u>, under civil action number 2:02 cv 04767.

BUDD LARNER, P.C.<br>
Attorneys for Defendants

BY:_____/s_____
MICHAEL M. ROSENBAUM

DATED: April 19, 2005

## CERTIFICATION OF SERVICE

I, Michael M. Rosenbaum, hereby certify that I caused a copy of defendants' Answer and Counterclaim to be served this 19th day of April 2005 via telecopier upon the following:

> Jonathan T.K. Cohen, Esq.
> McCusker, Answelmi, Rosen,
>  Carvelli & Walsh, P.A.
> 127 Main Street
> Chatham, NJ  07928

_____/s_____
MICHAEL M. ROSENBAUM

DATED: April 19, 2005