Andrew E. Anselmi, Esq. (AA 1768)
**McCUSKER, ANSELMI, ROSEN,**
**CARVELLI & WALSH, P.A.**
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Plaintiffs,
Yantai North Andre Juice, Co., Ltd. and
Yantai North Andre Juice, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANTAI NORTH ANDRE JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR.; PGB INTERNATIONAL, f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a, PITTRA, INC., G.B INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. <br><br><br> **JOINT DISCOVERY PLAN** |

1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| | |
|---|---|
| Andrew E. Anselmi, Esq. (AA 1768) <br> McCusker, Anselmi, Rosen, <br>  Carvelli & Walsh, P.C. <br> 127 Main Street <br> Chatham, New Jersey 07928 <br> Attorneys for Plaintiffs | William D'Annunzio, Esq. <br> Budd Larner, P.C. <br> 150 John F. Kennedy Parkway, CN 1000 <br> Short Hills, New Jersey 07078-0999 <br> Attorneys for Defendants |
| Phone: (973) 635-6300 <br> Facsimile: (973) 635-6363 | Phone: (973) 315-4425 <br> Facsimile: (973) 379-7734 |

2.    Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

Plaintiffs' Complaint stems from an unsatisfied judgment in the approximate amount of $ $600,000. Plaintiff has claimed that the defendants have engaged in efforts to defraud plaintiffs and/or hinder or delay collection on the above-referenced judgment by way of selling assets to other defendants herein. Defendants have contended that the transfer of assets was conducted for legitimate business reasons, that defendants did not intend to hinder, delay or defraud creditors, and that assets were transferred to PGB for reasonably equivalent value. Defendant Pittra has filed a counterclaim alleging breach of contract, tortious interference, and violation of the New Jersey Franchise Practices Act.

3.    Has this action been: Settled: _____ Discontinued: _____
      If so, has there been a Stipulation/Dismissal filed?

      Yes              No **X**

4.    Have settlement discussions taken place? Yes _____ No ____**X**____
      If so, when?

      (a)    What was plaintiffs last demand?

             (1)    Monetary demand: $
             (2) Non-monetary demand:

      (b)    What was defendant's last offer?

             (1)    Monetary offer: $
             (2) Non-monetary offer:

5.    The parties [have ___**X**___ -have not _____ ] exchanged the information required by
      Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6.      Explain any problems in connection with completing the disclosures required by <u>Fed. R. Civ. P</u>. 26(a)(1).

        None anticipated.


7.      The parties [have _____ have not ___**X**___ ] conducted discovery other than the above disclosures, If so, describe.


8.      The parties [have ___**X**___ have not _____ ] met pursuant to <u>Fed. R. Civ. P</u>. 26(f):

        (a) If not, state the reason therefore.

        (b) If so, state the date of the meeting, and the persons in attendance.

        The parties conferred on Friday, May 27, 2005, and again on Friday, June 3, 2005.


9.      The following [is ___**X**___ -is not _____ ] a proposed joint discovery plan.


    (a) Discovery is needed on the following subjects:

        Formation, ownership, control, and purchase and/or sale of the corporate defendants;
        The present and past financial status of the corporate defendants.
        The relationship, operations and interaction between and among the corporate defendants
        The relationship and interaction between and among the corporate defendants, and the individual defendants.
        Any mergers, acquisitions or other transfers of assets by or between the defendants.
        Predecessors and/or successors-in-interest to any of the corporate defendants.
        Plaintiffs' breach of contract, tortious interference and violation of the Franchise Practices Act.


    (b) Discovery [should ___**X**___ -should not _____ ] be conducted in phases or be limited to particular issues. Explain.

        The parties believe that a birfurcation or staggering of discovery on plaintiffs' claims and the counterclaims may crystallize the issues at hand without undue expense or delay.

(c)   Maximum of __50__ Interrogatories by each party to each other party.

(d)   Maximum of __15__ depositions to be taken by each party.

(e)   Plaintiffs expert report due on ___February 15, 2006___

(f)   Responsive expert reports due on ___April 15, 2006___

(g)   Motions to amend or to add parties to be filed by ___January 15, 2005___

(h)   Dispositive motions to be served within __30__ days of completion of discovery.

(i)   Factual discovery to be completed by ___October 15, 2005 on Plaintiff's Complaint, and January 1, 2006 on Counterclaims___

(j)   Expert discovery to be completed by ___May 31, 2006___

(k)   Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

Preservation Order with regard to electronic data.

(l)   A pretrial conference may take place on June 1, 2006.

(m)  Trial date: June 15, 2006.


10.   Do you anticipate any discovery problem(s)? Yes __X__ No _____ If so, explain.

Plaintiffs' understand that the corporate defendants operate almost entirely via computer for their international importing of goods. Plaintiffs' are concerned with the maintenance and production of complete electronic data.


11.   Do you anticipate any special discovery needs (i.e. videotape/telephone depositions. Problems with out-of state witnesses or documents, etc.)? Yes _____ No __X__

If so, explain.

12.    State whether this case is appropriate for voluntary arbitration (pursuant to <u>Local Civil Rule</u> 201.1 or otherwise), mediation (pursuant to <u>Local Civil Rule</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

Defendants' debt to plaintiffs has been longstanding.  During the course of the prior action which gave rise to plaintiffs' judgment, counsel for plaintiffs and defendants engaged in protracted negotiations regarding three (3) forbearance agreements, in an effort to facilitate payment on the obligation, which ultimately went unsatisfied. Accordingly, plaintiffs believe that alternative dispute mechanisms would ultimately prove unsuccessful, but remain amenable to such a process.

13.    Is this case appropriate for bifurcation? ___**X (for discovery only)**___    No _____

14.    An interim status settlement conference (with clients in attendance), should be held in

November, 2005.

15.    We [do _____ do not ___**X**___ ] consent to the trial being conducted  by a Magistrate Judge.


**McCusker, Anselmi, Rosen,**
  **Carvelli & Walsh, P.C.**
127 Main Street
Chatham, New Jersey 07928
Attorneys for Plaintiffs

**Budd Larner, P.C.**
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
Attorneys for Defendants


By: _____
    ANDREW E. ANSELMI

By: _____
    WILLIAM D'ANNUNZIO


Dated: June 13, 2005

# BUDD LARNER

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

DIRECT DIAL (973) 315-4425

June 14, 2005

VIA FEDERAL EXPRESS

Andrew E. Anselmi, Esq.
McCusker, Anselmi, Rosen
  Carvelli & Walsh, P.A.
127 Main Street
Chatham, NJ   07928

> Re:   Yantai North Andre Juice Co., Ltd., et al.
>       v. Arthur Kupperman, et al.
>       Civil Action No. 05-1049 (WJM)

Dear Mr. Anselmi:

Enclosed is the Joint Discovery Plan, which I have signed. As agreed, the changes suggested in my letter of earlier today have been incorporated in the Discovery Plan.

Very truly yours,

WILLIAM M. D'ANNUNZIO

WMD/ch
Enclosure

NEW YORK          CHERRY HILL          SHORT HILLS          PHILADELPHIA          ATLANTA