A. Michael Covino (AC 4352)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey  07078-2703
(973) 379-4800
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANTAI NORTH ANDREW JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., | : <br> : <br> : <br> :Civil Action No. 05-1049 (WJM) <br> : |
| Plaintiffs, | : <br> : |
| vs. | : <br> : **DECLARATION OF** |
| ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR., PGB INTERNATIONAL f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a PITTRA, INC.,G.B. INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, | : **ARTHUR KUPPERMAN** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

I, Arthur Kupperman, under penalty of perjury and pursuant to 28 U.S.C. §1746, declare the following to be true:

1.    I am the managing member of defendant PGB International, LLC, which was the purchaser of certain assets of defendant PITTRA G.B. International, Inc., ("Pittra"), as such I am fully familiar with the facts set forth herein.  I submit this declaration in opposition to plaintiffs Yantai North Andre Juice Co., Ltd. and Yantai North Andre Juice, Inc.'s,(collectively "Yantai"), Motion for Summary Judgment Dismissing Counterclaims of Pittra.

2.    I was never a common owner of Pittra or any allegedly related entities.  Furthermore, Pittra and the allegedly related entities did not all share the same owners.

3.    In or around October 2002, Yantai filed an action in the United States District Court, District of New Jersey, Civil Action Number 2:02cv04767 (JWB) (the "First Action").  The claims asserted by Yantai in the First Action were premised upon allegations that it provided fruit concentrate to Pittra as set forth in various invoices and that Pittra failed to pay for those products.  A true and correct copy of Yantai's October 1, 2002 Complaint and Jury Demand is annexed hereto as Exhibit A.

4.    Specifically, Yantai asserted claims for breach of a July 9, 2002 letter agreement where Pittra allegedly agreed to pay various invoices, breach of the covenant of good faith and fair dealing based upon defendants' alleged failure to pay those invoice, book account, unjust enrichment and estoppel. See Ex. A.

5.    On November 8, 2002, the court entered default judgment against Pittra in the First Action.  That judgment provided for Yantai's recovery of $1,169,954.00, which amount equaled the debt Yantai claimed was due for the fruit concentrate products delivered to Pittra.  See Ex. A, ¶45; (Declaration of Titus Yung, "Yung Decl.", ¶4 & Ex. A.)

6.    On December 24, 2002, Yantai and Pittra executed the first of three Forbearance Agreements.   I also executed the

2

agreement for the narrow purposes of guaranteeing a limited portion of monies payable to Yantai.   Neither I, nor any other person or entity allegedly related to Pittra, were parties to the agreement. (Yung Decl., Ex. B.)

7.   In the first Forbearance Agreement, Pittra acknowledged that it owed Yantai $1,169,954 for the juice concentrate "subject to maximum possible offsets and/or claims by Pittra of $50,000 for specification issues for goods received on or before September 30, 2002 and offsets and/or claims of a maximum amount of $100,000 for an accounting dispute regarding Pittra's contention that it overpaid Yantai for some goods obtained from Yantai Ltd."   (Yung Decl., Ex. B, ¶1.)

8.   The first Forbearance Agreement also contained an integration clause, which provided: "This Forbearance Agreement contains the entire agreement between Yantai Ltd., Yantai Inc. and Pittra relating to the dispute in the Complaint filed in the Yantai Action, and any prior discussions, negotiations, and understandings relating to the forbearance of Yantai Ltd. and Yantai Inc. regarding its claims against Pittra.   No understandings, agreements, representations, express or implied, other than those contained in this Forbearance Agreement have been made be either Yantai Ltd., Yantai Inc. or Pittra." Id., ¶11.

9.   On April 25, 2003, Yantai and Pittra executed the second of three Forbearance Agreements.   I also executed the agreement for

3

the narrow purposes of guaranteeing a limited portion of monies payable to Yantai. Neither I, nor any other person or entity allegedly related to Pittra, were parties to the agreement. (Yung Decl., Ex. C.)

10. In the second Forbearance Agreement, Pittra acknowledged that it still owed Yantai $732,238.11 out of the $1,169,954.00 from the first Forbearance Agreement subject to the same offsets or claims from the first agreement regarding specification issues for goods received and for an accounting dispute regarding Pittra's overpayment to Yantai. Id., Ex. C, ¶¶ B, 1, 6 & 8.

11. The second Forbearance Agreement also contained an integration clause substantially similar to the clause in the first Forbearance Agreement. Id., ¶16.

12. On July 16, 2003, Yantai and Pittra executed the final of three Forbearance Agreements. Neither I, nor any other person or entity allegedly related to Pittra, were parties to the agreement. Yung Decl., Ex. D.

13. In the third Forbearance Agreement, Pittra acknowledged that it still owed Yantai $662,238.11 out of the $1,169,954.00 from the first Forbearance Agreement. This agreement also provided that "Pittra waives all rights and claims it previously reserved under the First and Second Forbearance Agreements...." (Yung Decl., Ex. D, ¶¶ 2 & 3). The third Forbearance Agreement expressly waived only two limited claims by Pittra:(1)  set offs relating to

4

specification issues for goods received and (2) for a dispute regarding Pittra's overpayment to Yantai. Id., Ex. B, ¶1 & Ex. C, ¶¶ B & 6.

14. The third Forbearance Agreement also contained an integration clause substantially similar to the clauses in the first and second Forbearance Agreements. Id., ¶17.

15. The scope of all three Forbearance Agreements was limited to the intricacies of payments for shipment of juice concentrate by Yantai to Pittra and did not relate to any and all claims between the parties. (Yung Decl., Exs. B, C & D.)

16. It was my intention, as well as the intention of Yantai as relayed to me, that the Forbearance Agreements only dealt with offsets or claims that the parties had against each other with regard to payments that were due for the sale of juice concentrate.

17. It was never the intention of the parties that somehow the language within the agreements encompassed any and all claims that Yantai or Pittra may have against each other whether or not related to payments due and owing each party for the sale of juice concentrate. Certainly there was never an intention to relinquish, waive or release any of the claims asserted by Pittra as counterclaims in this action.

18. This is also reflected in the terms of all three Forbearance Agreements, which simply do not contain a general release from Pittra to Yantai. (Yung Decl., Exs. B, C & D.)

19. Instead, the contents of the Forbearance Agreements were explicitly limited to the relationship of the parties with regard to the dispute as set forth in the complaint filed in Yantai's First Action, i.e. Yantai's assertions that it provided fruit concentrate to Pittra as reflected in certain invoices and that Pittra failed to pay for that concentrate. The integration clause in the agreements makes it clear that the scope of those agreements is limited to the specific facts stated in Yantai's first complaint. (Yung Decl., Exs. B, C & D.)

20. In or around February 2005, Yantai filed a second action against Pittra, and others, also in the United States District Court for the District of New Jersey. This complaint states allegations of fraudulent transfer, creditor fraud, civil conspiracy and fraudulent and bad faith defense of litigation due to the alleged fraudulent transfer of assets. A true and correct copy of Yantai's Complaint and Jury Demand dated February 18, 2005, is annexed hereto as Exhibit B.

21. On or around April 19, 2005, Pittra filed an answer to the second complaint along with counterclaims. Pittra's counterclaims assert breach of a 2001 contract appointing Pittra as the exclusive representative for the sale of Yantai's products to specific customers (the "Exclusive Contract"), Yantai's breach of the implied covenant of good faith and fair dealing under the Exclusive Contract by directly providing products to Pittra's

6

exclusive customers, tortious interference with Pittra's
prospective economic advantage, and violation of New Jersey'
Franchise Practices Act, (NJFPA), N.J.S.A. 56:10-1, et seq. A true
and correct copy of Defendants' Answer and Counterclaims is annexed
hereto as Exhibit C.

22. The counterclaims are premised upon Yantai's dealing with
Pittra's exclusive customers in contravention of an exclusive
representation provision in the Exclusive Contract as well as the
parties' franchisee-franchisor relationship. Pittra is not
disputing the debt owed under the default judgment or the
Forbearance Agreements, rather, it only seeks relief for damages
caused by Yantai's breaches of the Exclusive Contract.

23. For the above reasons, I respectfully request that this
Court deny Yantai's motion for summary judgment against Pittra's
counterclaims.

I declare the foregoing to be true under penalties of perjury.

Arthur Kupperman

Dated: Short Hills, New Jersey
       August 5, 2005
561081.c

7

# EXHIBIT A

Andrew E. Anselmi, Esq. (AA 1768)
McCUSKER, ANSELMI, ROSEN,
    CARVELLI & WALSH, P.A.
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Plaintiffs,
Yantai North Andre Juice, Co., Ltd. and
Yantai North Andre Juice, Inc.

**RECEIVED**

OCT - 1 2002

AT 8:30 _____
WILLIAM T. WALSH ___M
CLERK

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

YANTAI NORTH ANDRE JUICE CO., LTD. and
YANTAI NORTH ANDRE JUICE, INC.,

      Plaintiffs,

      v.

CAMERICAN INTERNATIONAL, INC., PITTRA,
INC., PITTRA-CAMERICAN, PITTRA G.B.
INTERNATIONAL, INC., ATALANTA
CORPORATION, XYZ CORPORATIONS 1-10, and
JOHN DOES 1-10,

      Defendants.

Civil Action No.
2:02cv04767JWB

**COMPLAINT AND
JURY DEMAND**

      Plaintiffs YANTAI NORTH ANDRE JUICE CO., LTD. and YANTAI NORTH

ANDRE JUICE, INC., through their attorneys McCusker, Anselmi, Rosen, Carvelli &

Walsh, P.A., by way of Complaint and Jury Demand against the defendants

CAMERICAN INTERNATIONAL, INC., PITTRA, INC., PITTRA-CAMERICAN,

PITTRA G.B. INTERNATIONAL, INC., ATALANTA CORPORATION, ATALANTA

CORP., state as follows:

## PARTIES, JURISDICTION AND VENUE.

1. Yantai North Andre Juice Co., Ltd. is a corporation formed under the laws of China, with a principal place of business located at No. 188 Central Street, Muping Economic & Technical Development Zone, Yantai, China.

2. Yantai North Andre Juice, Inc. is a wholly owned subsidiary of Yantai North Andre Juice Co., Ltd., with its principal place of business located at 650 West Duarte Rd., #401, Arcadia California 91007. Yantai North Andre Juice, Inc. and Yantai North Andre Juice Co., Ltd. collectively shall be referred to as "Yantai."

3. Upon information and belief, at all times relevant hereto, the Atalanta Corporation was a New York corporation with its principal place of business located at One Atalanta Plaza, Elizabeth, New Jersey, and was at all relevant times an affiliate of the other defendants' related through common principals, management, operations and/or ownership.

4. Upon information and belief, Atalanta Corp. is the same or a related New Jersey corporation also located at One Atalanta Plaza in Elizabeth and also at all relevant times related to the other defendants through common principals, management, operations and/or ownership. Hereafter, Atalanta Corporation and Atalanta Corp., to the extent they are distinct, shall be referred to collectively as "Atalanta."

5. Upon information and belief, at all times relevant hereto, Camerican International, Inc. ("Camerican") was a New Jersey corporation, with its principal place of business located at 45 Eisenhower Drive, Paramus, New Jersey 07652 and was at all relevant times related to the other defendants, related through common principals, management operations and/or ownership.

2

6. Upon information and belief, at all relevant times hereto, Pittra, Inc. ("Pittra") was a New Jersey corporation with its principle place of business located at Atalanta Plaza in Elizabeth, New Jersey and was at all relevant times related to the other defendants through common principals, management, operations and/or ownership.

7. Upon information and belief, at all times relevant hereto, Pittra-Camerican was a New Jersey corporation with its principal place of business located at Atalanta Plaza in Elizabeth, New Jersey 07652, and was at all relevant times related to the other defendants through common principals, management operations and/or ownership. Upon information and belief, Pittra-Camerican may also be a division of Atalanta. Pittra-Camerican has also presented itself as having an address at at 45 Eisenhower Drive, Paramus, New Jersey 07652.

8. Upon information and belief, at all times relevant hereto, Pittra G.B. International, Inc. ("Pittra-GB") was a New Jersey corporation with its principal place of business located at 123 Madison Avenue, Madison, New Jersey 07940, and was at all relevant times related to the other defendants through common principals, management operations and/or principals.

9. Defendants XYZ Corporations 1-10 and John Does 1-10 inclusive are fictitious names of defendants, which include but are not limited to other names, predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual representatives of the above named defendants, other companies, entities, organizations and individuals, as well as their other names, predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual

3

representatives, whose identities are presently unknown to Yantai, and who may be responsible for Yantai's losses.

10. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1332 inasmuch as the plaintiff and the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) inasmuch as a substantial portion of the events at issue took place in this District and defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

12. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

13. Yantai is a corporation that has been in business since 1997, primarily engaged in the business of growing, harvesting, and juicing apples in connection with the sale of apple juice concentrate (the "product").

14. Upon information and belief, Atalanta is the largest privately held food importer in the United States, specializing in meat, cheese, groceries, fruit juice concentrates and fish products from around the world.

15. Upon information and belief Pittra, Camerican, Pittra-Camerican and Pittra G.B. were at all relevant times hereto, corporations or entities primarily engaged in the business of importing food and drink products and ingredients.

4

16. In or around June of 1998, Ms. Linda Zhao, Deputy Manager of Yantai, wrote to Mr. Andy Gellert, whom she understood to be an executive of Pittra, a Division of Atalanta. Ms. Zhao conveyed to Gellert that she was aware that his company was one of the biggest importers of apple juice concentrate. Zhao invited Gellert to visit the Yantai plant in China. Previously, Yantai had done business with Mr. Gellert only indirectly, through a sales agreement with a company from Switzerland named Unipektin.

17. Mr. Gellert, on behalf of Pittra, wrote back to Ms. Zhao that he would be interested in a visit to China. In June of 1998, he also conveyed that he had learned that Yantai's sales arrangement with Unipektin was over, and expressed how he was looking forward to working with Yantai directly.

18. In or around September of 1998, Mr. Gellert came to China with some of his customers. While in China, he visited the Yantai plant and crops with Tropicana and discussed extensively the prospect of doing business directly. Soon thereafter, Mr. Gellert wrote again to Ms. Zhao to convey that at least one customer, Tropicana, liked the Yantai factory and was interested in a trial order. He also explained that another customer, Cliffstar, was in the market for prompt shipment from Yantai. Mr. Gellert concluded by stating that "I look forward to working together with you in the coming years."

19. Thereafter, Yantai sold apple juice concentrate product to Pittra. Atalanta furnished Letters of Credit to Yantai on behalf of Pittra, which was listed as a division of Atalanta.

5

20. Upon information and belief, Pittra-Camerican was a combination of two entities, Pittra and Camerican, that was formed in or around the last quarter of 1999. The details of the combination were never made clear to Yantai. Upon information and belief, the combination was made possible by Atalanta's purchase of Camerican from ConAgra, Inc, and the new company was to be a division of Atalanta co-managed by both Gellert and Ned Weiser.

21. The address for Pittra-Camerican was the same as that of Pittra, which was the same as that of Atalanta at Atalanta Plaza in Elizabeth, New Jersey. Pittra-Camerican has also presented itself with an address at 45 Eisenhower Drive, Paramus, New Jersey 07652, which is the same address as that of Camerican.

22. In or around November 7, 2000, Gellert announced that Weiser would be leaving Pittra-Camerican for a position outside of the fruit juice concentrate industry. Gellert conveyed that Mr. Arthur Kupperman would assume the management position vacated by Weiser and that office staff would continue as always. Gellert assured that service would be uninterrupted.

23. Camerican furnished Letters of Credit to Yantai on behalf of Pittra and/ or Pittra-Camerican.

24. Camerican has made payments for the purchase of Yantai Product on behalf of Pittra and/or Pittra-Camerican. At various times, defendants have also purported to have Atalanta make payments for Pittra and/or Pittra-Camerican products.

25. Upon information and belief, in or around October 2001, Pittra and/or Pittra-Camerican merged with its former competitor, G.B. International, Inc. to form the entity Pittra G.B. International, Inc. Pittra-GB continued to purchase Yantai product.

6

Again, the details of the merger and/or acquisition were never made clear to Zhao or anyone else at Yantai. While it is believed that Pittra-Camerican was the entity engaged in the merger, a Dun and Bradstreet "Business Background Report" indicates that Pittra G.B. International, Inc. was formed from a merger of Pittra, Inc. and G.B. International, Inc.

26. To date, the existence, relationship, operations and interaction of and among Pittra, Inc., Pittra-Camerican, Camerican, Pittra G.B and Atalanta has appeared unclear and interchangeable. At various times, Yantai has dealt with Gellert as a representative of Pittra, Pittra-Camerican, Camerican and Atalanta, as well as Pittra-G.B. Kupperman has also presented the companies interchangeably or sharing a common interest with one another, particularly when it came to payment for Yantai product.

27. The interchangeability of the companies is illustrated by their modes of operation and payment. For instance, following the combination of Pittra and Camerican, Pittra-Camerican used the same business address previously used by Pittra, which was also the same as Atalanta at Atalanta Plaza in Elizabeth, NJ. Upon information and belief, Pittra-Camerican was at all relevant times a division of Atalanta. In fact, an "eBiz Asia Link" advertisement for Pittra-Camerican states that Pittra-Camerican is a division of Atalanta Corporation, and lists Kupperman as its contact person. The same advertisement also states that Pittra-Camerican is located at 45 Eisenhower Drive, Paramus, New Jersey 07652, which is the same address as that of Camerican.

28. Although defendants have at times represented that Pittra-G.B. is a combination of Pittra-Camerican and G.B. International, the corporate website of Pittra

7

G.B. indicates that it was formed from the Pittra division of Camerican, and G.B. International, Inc. As stated above, upon information and belief, Pittra was at all relevant times a division of Atalanta.

29. A Dun and Bradstreet "Business Background Report" indicates that Camerican is an affiliate of Atalanta, related through common principals, management and/or ownership. As set forth above, Camerican used the business address of 45 Eisenhower Drive, yet issued letters of credit on behalf of Pittra-Camerican and upon information and belief made payments for shipments of product by Yantai to Pittra and/or Pittra Camerican.

30. Upon information and belief, Camerican sought from Atalanta further payments for monetary obligations owed to Yantai, and payments have been purported to have been made between Pittra-GB and Camerican in order to satisfy payment obligations for Yantai product.

31. Defendants have repeatedly assured Yantai that payment for its product would be made by one or some combination of the defendants, and Yantai has relied on these representations in continuing to sell product.

32. Yantai has sent several shipments of product to defendants for which it has not been paid.

33. Yantai has fulfilled all of its obligations to defendants by providing the bargained-for apple juice concentrate.

34. Yantai has made repeated demands upon defendants for substantial past due payments, which to date remain unsatisfied.

35. Yantai has been and continues to be damaged by the defendants'

failure to pay for Yantai product.

<u>COUNT ONE</u>
(BREACH OF CONTRACT)

36. Yantai repeats and makes a part hereof all of the allegations contained

above, as if more fully set forth herein.

37. Yantai has delivered substantial shipments of product to defendants,

for which Yantai has not been paid.

38. As of July 9, 2002 Yantai was owed $1,453,391.00 ("the Debt"),

without interest, relative to each of the following invoices respectively:

> $2,202.00 balance as of September 5, 2001
> $7,920.00 on invoice # NAJLT090
> $8,136.75 on invoice # NAJLT091
> $1,980.00 on invoice # NAJ50053
> $1,980.00 on invoice # NAJ50054
> $74,250.00 on invoice # NAJ65LT092
> $43,362.00 on invoice # NAJ1030
> $36,135.00 on invoice # NAJ52536
> $36,135.00 on invoice # NAJ53221
> $36,135.00 on invoice # NAJ55851
> $36,135.00 on invoice # NAJ56123
> $216,810.00 on invoice # NAJ58946
> $29,225.00 on invoice # NAJ08915
> $38,400.00 on invoice # NAJ08914
> $216,810.00 on invoice # NAJ59883
> $57,024.00 on invoice # NAJ06001
> $216,810.00 on invoice # NAJ59904
> $29,225.00 on invoice # NAJ08502
> $14,652.00 on invoice # NAJ08503
> $144,540.00 on invoice # NAJ59454
> $59,400.00 on invoice # NAJLT050
> $89,100.00 on invoice # NAJLT051
> $57,024.00 on invoice # NAJ60032

9

39. Upon information and belief, Yantai has made repeated demands upon defendants to pay. Yantai, in particular Ms. Zhao, had several discussions with both Mr. Kupperman and Mr. Gellert on the matter of the outstanding payments owed to Yantai, making it clear to them that Yantai was looking to all of the defendants for satisfaction of the Debt.

40. By letter dated July 9, 2002, Arthur Kupperman, purportedly as President of Pittra, G.B. acknowledged the outstanding debt owed to Yantai, promising full payment of the foregoing Debt of $1,453,391.00. In the letter, Mr. Kupperman conveyed that the Debt to Yantai would be satisfied as follows: no later than Friday, July 12, 2002, the sum of $284, 371 would be paid; during the week of July 15, 2002 the sum of $600,000; during the week of July 22, 2002 the sum of $569, 020.

41. The July 9, 2002 letter stated that the first payment would be made in the amount of $284, 371. Instead, only one tenth of that amount, or $28,437.10 was paid. A July 12, 2002 "Wire Transfer Entry" indicated that the money was partial payment for invoice no. NAJ08915, which was a March 23, 2002 Commercial Invoice between Yantai and Pittra-G.B., the total of which was $29,224.90. The Debt was thereby reduced to approximately $1,424,954.00, exclusive of interest and other costs.

42. Subsequently, Yantai agreed to forego instituting suit based on payments being made pursuant to the following schedule: an additional $100,000 was to be paid to Yantai by August 9, 2002; an additional $100,000 was to be paid to Yantai by August 16, 2002; an additional payment of $150,000 to $175,000 was to be paid by August 23, 2002, and the balance, or approximately $1,074,955, was to be paid during the week of August 26, 2002. Yantai made clear that its agreement not to sue

10

immediately and to seek interest and other costs and damages was premised upon payments being made according to the agreed upon schedule, and that in the event defendants did not satisfy the Debt according to the schedule, suit would be instituted against each of the defendants, jointly and severally, based on the course of dealing outlined above.

43. The Debt was not satisfied according to schedule. Instead, only $283,437 was paid, much of it not according to schedule. The payments were made by Pittra-G.B., and to the extent they were attributed, were done so with respect to Pittra-G.B. invoice nos. NAJ58946, NAJ59454, NAJ06001, NAJ08503, and NAJ08502. Other of the invoices set forth at paragraph 40 were issued to Camerican. Camerican has yet to make any payment on the Debt.

44. When payment was not made on the Debt according to schedule, Yantai, in a final effort to resolve the matter amicably and continue their relationship with defendants, agreed to forego instituting suit for the Debt, interest thereon, and other costs and damages, so long as full payment was made by September 20, 2002. Yantai reiterated that in the event the Debt was not satisfied by September 20, 2002, suit for the Debt, interest thereon, costs and damages would be instituted against each of the defendants, jointly and severally.

45. Defendants have breached the agreements set forth above by failing to make all required payments. The remaining Debt, without interest, and exclusive of other costs and damages, is $1,169,954.

46. Additionally, as a consequence of defendants' failure to pay the Debt as set forth above, Yantai had no choice but to withhold releasing product that it had

11

previously shipped to defendants in or around May and June 2002. Yantai had to pay additional costs for storing the shipped product, and had to sell the shipped product to other customers at discounted prices.

47. As a result of the breach of the agreements as set forth above, Yantai has been damaged.

48. As set forth above, there is active participation of representatives of each of the defendant corporations with the other defendant corporations, and/or a confused intermingling of activity or funds of the defendant corporations engaged in a common enterprise with disregard of the separate nature of the corporate entities, and/ or a serious ambiguity about the manner and capacity in which the various corporations and their respective representatives have acted and continue to act. Based on the foregoing course of dealing and/or representations upon which Yantai relied as set forth above, each of the defendants are closely identified and/or alter egos for purposes of recovery, making each of the defendants jointly and severally liable.

WHEREFORE, plaintiff Yantai demands judgment in its favor and against defendants, jointly and severally, in the amount of $1,169,954.00, together with interest, consequential damages, attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

### COUNT TWO
### (BOOK ACCOUNT)

49. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

12

50. Defendants continue to remain in arrears to Yantai in accordance with the book account stated between the parties.

WHEREFORE, plaintiff Yantai demands judgment in its favor and against defendants, jointly and severally, in the amount of $1,169,954.00, together with interest, consequential damages, attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT THREE
### (BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING)

51. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

52. The agreements to pay for shipped product contain the implied covenants of good faith and fair dealing.

53. Defendants have breached these covenants of good faith and fair dealing by intentionally failing to pay Yantai for product that was shipped, delivered, accepted and properly invoiced.

54. As a direct and proximate cause of defendants' breach of the implied covenants of good faith and fair dealing, Yantai has suffered and continues to suffer damage.

WHEREFORE, plaintiff Yantai demands judgment in its favor and against defendants jointly and severally, in the amount of $1,169,954.00, together with interest, consequential damages, attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

13

## COUNT FOUR
### (UNJUST ENRICHMENT)

55. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

56. Based on the foregoing, defendants have been unjustly enriched.

WHEREFORE, plaintiff Yantai demands judgment in its favor and against defendants jointly and severally, in the amount of $1,169,954.00, together with interest, consequential damages, attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT FIVE
### (ESTOPPEL)

57. Yantai repeats and makes a part hereof all of the allegations contained above, as if fully set forth herein.

58. Based on the above set forth voluntary conduct of the defendants, including their acts, silence, and omissions, upon which Yantai has relied in good faith, precludes or estops them, both at law and in equity, from denying their liability for the Debt with interest.

WHEREFORE, plaintiff Yantai demands judgment in its favor and against defendants jointly and severally, in the amount of $1,169,954.00, together with interest, consequential damages, attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

14

## JURY DEMAND

Plaintiff Yantai demands a trial by jury on all issues so triable.

> McCUSKER, ANSELMI, ROSEN,
> CARVELLI & WALSH,  P.A.
> 127 Main Street
> Chatham, New Jersey 07928
> (973) 635-6300
> Attorneys for Plaintiffs,
> Yantai North Andre Juice, Co., Ltd. and
> Yantai North Andre Juice, Inc.

Dated: October 1, 2002

By: _____
ANDREW E. ANSELMI

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action

pending in any other court or of any pending arbitration or administrative proceeding.

> McCUSKER, ANSELMI, ROSEN,
> CARVELLI & WALSH,  P.A.
> 127 Main Street
> Chatham, New Jersey 07928
> (973) 635-6300
> Attorneys for Plaintiffs,
> Yantai North Andre Juice, Co., Ltd. and
> Yantai North Andre Juice, Inc.

Dated: October 1 , 2002

By: _____
ANDREW E. ANSELMI

15

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| YANTAI NORTH ANDRE JUICE CO., LTD, YANTAI NORTH ANDRE JUICE, INC. | CAMERICAN INTERNATIONAL, INC., PITTRA, INC. PITTRA-CAMERICAN, PITTRA G.B. INTERNATIONAL, INC., ATALANTA CORPORATION, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, |

(b)  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)  **China**

**Incorporated in California**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)  **Incorporated in New Jersey**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c)  ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
McCusker, Anselmi, Rosen, Carvelli & Walsh
127 Main Street
Chatham, New Jersey 07928

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN [x] IN ONE BOX ONLY)

[ ] 1 U.S. Government Plaintiff

[ ] 3 Federal Question (U.S. Government Not a Party)

[ ] 2 U.S. GOVERNMENT Defendant

[X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN [x] IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [X]4 |
| Citizen of Another State | [X]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [X]5 |
| Citizen or Subject of a Foreign Country | [X]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff is a leading seller of apple juice concentrate. Plaintiff commenced doing business with the defendants. The defendant corporations went through a metamorphic process of merging, buying or otherwise combining the business entities. Plaintiff alleges that it sold its product to defendants who failed to make payments for same. Plaintiff argues that it is entitle to payment for product sold and accepted.

**V. NATURE OF SUIT** (PLACE AN [x] IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| | PERSONAL INJURY | | | |

**VI. ORIGIN** (PLACE AN [x] IN ONE BOX ONLY)

[X] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from Another District (specify)  [ ] 6 Multidistrict Litigation  [ ] 7 Appeal to District Judge From Magistrate Judgment

**VII. REQUESTED IN**  CHECK IF THIS IS A
[ ] COMPLAINT:  [ ] UNDER F.R.C.P. 23

DEMAND $ **1,169,954** plus interest, consequential damages, fees and costs.

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S)** (See instructions) IF ANY

JUDGE

DOCKET NUMBER

DATE
October 1, 2002

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# EXHIBIT B

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 26 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 1 of 20

Jonathan T.K. Cohen, Esq. (JC 6284)
Andrew E. Anselmi, Esq. (AA 1768)
**McCUSKER, ANSELMI, ROSEN,**
    **CARVELLI & WALSH, P.A.**
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Plaintiffs,
Yantai North Andre Juice, Co., Ltd. and
Yantai North Andre Juice, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

YANTAI NORTH ANDRE JUICE CO., LTD. and
YANTAI NORTH ANDRE JUICE, INC.,

    Plaintiffs,

    v.

ARTHUR KUPPERMAN, PAULETTE KRELMAN,
E. ROSS BROWNE, SR.; PGB INTERNATIONAL,
f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL,
f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or
a/k/a, PITTRA, INC., G.B INTERNATIONAL, XYZ
CORPORATIONS 1-10, and JOHN DOES 1-10,

    Defendants.

Civil Action No.

**COMPLAINT**

Plaintiffs YANTAI NORTH ANDRE JUICE CO., LTD. and YANTAI NORTH

ANDRE JUICE, INC., through their attorneys McCusker, Anselmi, Rosen, Carvelli &

Walsh, P.A., by way of Complaint against defendants ARTHUR KUPPERMAN,

PAULETTE KRELMAN, PGB INTERNATIONAL, f/k/a and or a/k/a PITTRA G.B.

INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a,

PITTRA, INC., G.B INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN

DOES 1-10, state as follows:

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 27 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 2 of 20

## PARTIES, JURISDICTION AND VENUE.

1.  Yantai North Andre Juice Co., Ltd. is a corporation formed under the laws of China, with a principal place of business located at No. 188 Central Street, Muping Economic & Technical Development Zone, Yantai, China.

2.  Yantai North Andre Juice, Inc. is a wholly owned subsidiary of Yantai North Andre Juice Co., Ltd., with its principal place of business located at 650 West Duarte Rd., #401, Arcadia California 91007. Yantai North Andre Juice, Inc. and Yantai North Andre Juice Co., Ltd. collectively shall be referred to as "Yantai."

3.  Upon information and belief, Arthur Kupperman is a New Jersey resident, with an address at 200 Mount Horeb Road, Warren, New Jersey.

4.  Upon information and belief, Arthur Kupperman has also used an address of 23 Hampshire Drive, Mendham, New Jersey 07945.

5.  Upon information and belief, Paulette Krelman is a New Jersey resident, with an address at 23 Hampshire Drive, Mendham, New Jersey 07945.

6.  Upon information and belief, defendants Arthur Kupperman and Paulette Krelman are husband and wife.

7.  Upon information and belief, Ross Browne, Sr. is a New Jersey resident with an address at 27 Waterford Drive, Montville, New Jersey, 07045.

8.  Upon information and belief, at all times relevant hereto, PGB International ("**PGB International**") has been a New Jersey corporation with its principal place of business located at 6 South Street, Morristown, New Jersey 07960, and was at all relevant times related to the other defendants through common principals, management operations and/or principals.

2

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 28 of 58    Filed 08/05/2005    Page 28 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 3 of 20

9.  Upon information and belief, at all times relevant hereto, Pittra G.B. International, Inc. ("**Pittra-GB**") has been a New Jersey corporation with its principal place of business located at 123 Madison Avenue, Madison, New Jersey 07940, and was at all relevant times related to the other defendants through common principals, management operations and/or principals.

10. Upon information and belief, at all times relevant hereto, Pittra-Camerican ("**Pittra-Camerican**") has been a New Jersey corporation with its principal place of business located at 123 Madison Avenue, Madison, New Jersey 07940, and was at all relevant times related to the other defendants through common principals, management operations and/or ownership.  Pittra-Camerican has also presented itself as having an address at 45 Eisenhower Drive, Paramus, New Jersey 07652.

11. Upon information and belief, at all relevant times hereto, Pittra, Inc. ("**Pittra**") has been a New Jersey corporation with its principle place of business located at 123 Madison Avenue, Madison, New Jersey and was at all relevant times related to the other defendants through common principals, management, operations and/or ownership.

12. Upon information and belief, at all times relevant hereto, the defendants identified in paragraphs 1 through 11, and/or their affiliates, successors and assigns, are now located at 6 South Street, Morristown, New Jersey.

13. Upon information and belief, at all times relevant hereto, GB International ("**GB**") has been a New Jersey corporation with a principal place of business located at 123 Madison Avenue, Madison, New Jersey.

14. Defendants XYZ Corporations 1-10 and John Does 1-10 inclusive are fictitious names of defendants, which include but are not limited to other names,

3

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 29 of 58    Filed 08/05/2005    Page 29 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 4 of 20

predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual representatives of the above named defendants, other companies, entities, organizations and individuals, as well as their other names, predecessors-in-interest, successors-in-interest, heirs, affiliates, otherwise related partners or individual representatives, whose identities are presently unknown to Yantai, and who may be responsible for Yantai's losses.

15. At times relevant to this complaint, plaintiff Yantai has had substantial business contacts with the defendants in New Jersey.

16. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1332 inasmuch as the plaintiff and the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) inasmuch as a substantial portion of the events at issue took place in this District and defendants are subject to personal jurisdiction in this District.

### GENERAL ALLEGATIONS

18. Yantai repeats and makes a part hereof all of the allegations contained above, as if more fully set forth herein.

19. Yantai is a corporation that has been in business since 1997, primarily engaged in the business of growing, harvesting, and juicing apples in connection with the sale of apple juice concentrate (the "product" or "Yantai's product").

20. Upon information and belief PGB, GB, Pittra, Pittra-Camerican, and Pittra GB were at all relevant times hereto, corporations or entities primarily engaged in

4

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 30 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 5 of 20

the business of importing food and beverage products and ingredients, including, the product.

21. Upon information and belief, Pittra-Camerican is a combination of two entities, Pittra and Camerican, formed in or around the last quarter of 1999.

22. Upon information and belief, in or around October 2001, Pittra and/or Pittra-Camerican merged with its former competitor, G.B. International, Inc. to form an entity known as Pittra G.B. International, Inc.

23. After Pittra-GB was formed, it continued to purchase Yantai product. A Dun and Bradstreet "Business Background Report" states that Pittra G.B. International, Inc. was formed from a merger of Pittra, Inc. and G.B. International, Inc.

**The October 2002 Complaint**

24. On or about October 1, 2002, plaintiff Yantai filed a Complaint in the United States District Court for the District of New Jersey under docket number 02-4767 (JWB), against Camerican International, Inc., Pittra, Inc., Pittra-Camerican, Pittra G.B. International, Inc., and Atalanta Corporation (Collectively, the "2002 defendants").

25. Yantai's 2002 Complaint alleged that Yantai had sent several shipments of product to the 2002 defendants for which it went unpaid. The 2002 Complaint also alleged that by letter dated July 9, 2002, Arthur Kupperman, purportedly as President of Pittra, G.B. acknowledged the outstanding debt owed to Yantai, promising full payment of all claims made in the 2002 Complaint, totaling $1,453,391.00 (the "2002 Claims").

26. The 2002 Complaint alleged that each of the 2002 defendants were interrelated based on common management of an intermingling of activities and funds, and common management of common enterprises.

27. In the 2002 Complaint, Yantai also asserted that, based on the foregoing course of dealing and/or representations upon which Yantai relied each of the 2002 defendants were sufficiently common enterprises and/or alter egos for purposes of Yantai's claims, making each of the defendants jointly and severally liable.

28. On or about November 4, 2002, Yantai was granted judgment against 2002 defendants, Camerican International, Inc., Pittra, Inc., Pittra-Camerican, And Pittra G.B. International, Inc., Atalanta Corporation, Atalanta Corp. jointly and severally (the "Judgment Debtors") in the amount of one million, one hundred sixty-nine thousand, nine hundred fifty-four dollars ($1,169,954.).

29. On or about December 12, 2002, the District Court for the District of New Jersey entered a Writ of Execution against said Judgment Debtors.

30. On or about December 18, 2002, Yantai registered its 2002 Judgment with the United States District Court for the District of New Jersey.

31. On or about December 19 through 20, 2002, the United States Marshal Service, on behalf of Yantai levied certain funds on deposit with various banks in the name of the Judgment Debtors.

32. On or about December 23, 2002, the Court vacated the Writ of Execution and Default Judgment as against Camerican International, Inc., Atalanta Corporation, and Atalanta Corp., but allowed Yantai to seek its costs and fees associated with the prosecution thereof.

6

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 32 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 7 of 20

33. On or about January 3, 2003, Yantai entered into a Settlement Agreement and Stipulation of Dismissal with Camerican and Atalanta.

34. In connection with the 2002 Complaint, Yantai agreed to three (3) forbearance agreements based on payments of the 2002 claims being made pursuant to a payment schedule.

35. Despite execution of the forbearance agreements, the parties obligated under those forbearance agreements have failed and refused to satisfy all obligations required under the payment schedule.

36. On or about April 6, 2004, Yantai served a Notice to take Oral Deposition with annexed Document Demands upon Pittra G.B International.

37. Although some payments have been produced, there remains an outstanding debt due Yantai in the amount of $ 600,000.

**Transfer of Assets from Pittra G.B. International to PGB International**

38. Upon information and belief, in or about early 2003 Pittra G.B., and/or PGB secured substantial financing from Mitsui Corporation.

39. The financing from Mitsui went to one or more of the defendant corporations, which never utilized the monies to pay Yantai.

40. On or about June 5, 2003, by way of Unanimous Written Consent of the Members in Lieu of Meeting, PGB International agreed to enter into an asset purchase agreement with Pittra G.B.

41. On behalf of PGB International, Arthur Kupperman, Paulette Krelman, and E. Ross Browne each executed the corporate resolution.

7

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 33 of 58
Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 8 of 20

42. The corporate resolution authorized Paulette Krelman to execute any and all documents on behalf of PGB International.

43. On or about June 5, 2003, Pittra G.B.'s Board of Directors executed a Consent of Board of Directors to Sale, executed by Paulette Krelman and Arthur Kupperman. It authorized Arthur Kupperman to execute the Asset Purchase Agreement on behalf of Pittra G.B. and to execute all other related documents

44. The shareholders of Pittra G.B. who executed a Consent of Shareholders to Sale were Paulette Krelman and E. Ross Browne.

45. On or about June 5, 2003, Pittra G.B. and PGB International entered into an Asset Purchase Agreement. ("Asset Purchase Agreement"). The Asset Purchase Agreement is executed on behalf of PGB International by Paulette Krelman, and on behalf of Pittra G.B. by her husband Arthur Kupperman.

46. The Asset Purchase Agreement provides that Pittra GB would sell and PGB International would purchase various business assets including all intangibles, customer contracts and agreements, all furniture and equipment, and operating leases.

47. The Asset Purchase Agreement provides that PGB International would not assume any liabilities or obligations of Pittra GB whatsoever, other than those specifically associated with the customer contracts purchased by PGB International and that arose after the closing date of the transaction.

48. The Asset Purchase Agreement provided that the purchase price of various business assets was $310,000, payable by a $10,000 payment at closing, and the balance according to an annexed promissory note.

8

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 34 of 58    Filed 08/05/2005    Page 34 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 9 of 20

49. In accordance with the terms of the Asset Purchase Agreement, on or about June 5, 2003, PGB International executed a Promissory Note it agreed to pay $75,000 within ten (10) days of the closing date and the balance within thirty (30) days thereof. The Promissory Note was executed by Paulette Krelman on behalf of PGB International.

50. On or about June 5, 2003, Arthur Kupperman executed a Certification pursuant to Paragraph 10(c) of the Asset Purchase Agreement indicating that all of the representations and warranties made on behalf of Pittra G.B. were true and accurate. On that same date, he also executed a Bill of Sale ("Bill of Sale") for the assets purchased.

51. This Bill of Sale states that Merrill Lynch Financial Services held a lien on "virtually all of [Pittra GB's] assets other than machinery, equipment and general intangibles. [Pittra GB] represents that as of June 2, 2003, there is due and owing by [Pittra GB] to Merrill the sum of approximately $2,200,000.00, secured by this blanket lien."

52. On or about June 5, 2003, Pittra G.B. and PGB International also entered into an Assignment of Personal Property Leases. ("Assignment of Personal Property Leases "). The Assignment of Personal Property Leases was executed on behalf of PGB International by Paulette Krelman, and on behalf of Pittra G.B. by her husband Arthur Kupperman.

53. As of this date, PGB International continues to operate under Pittra GB's website, www.pittra.com.

54. To date, the existence, relationship, operations and interaction between and among Pittra, Inc., Pittra-Camerican, GB, Pittra G.B, and PGB International has

9

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 35 of 58    Filed 08/05/2005    Page 35 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 10 of 20

appeared interchangeable. At various times, Yantai has sold Yantai's product and dealt with Kupperman as the principal representative of Pittra, Pittra-Camerican, Pittra-G.B, and PGB International.

55. Upon information and belief, PGB International now carries on the same business as Pittra GB, and operates to serve Pittra GB's former customers.

56. Upon information and belief, customers of PGB International continue to list Pittra GB as the purchasing party.

57. Upon information and belief, PGB International uses the same address as Pittra GB has used, 6 South Street, Morristown, New Jersey.

58. Upon information and belief, at all times relevant hereto, Browne, Kupperman, Krelman have been the officers, directors and/or shareholders of Pittra GB and PGB International.

### FIRST COUNT
### (Fraudulent Transfer Act)

59. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if fully set forth at length herein/hereto.

60. At relevant times, defendant Pittra G.B. International, has been a "Debtor" to Yantai within the meaning of the Uniform Fraudulent Transfer Act, (the "NJFTA', N.J.S.A. 25:2-20, et seq. as adopted in New Jersey). At relevant times, hereto, Yantai has been a "creditor" of Pittra GB within the meaning of the UFTA.

61. After owing monies owed to Yantai, Pittra GB, by and through Arthur Kupperman, Paulette Krelman, and E. Ross Browne, as its owners, officers, directors, and/or shareholders, transferred its interest in substantially all of its assets to PGB International.

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 36 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 11 of 20

62. The various actions of the defendants, including all of the alleged transfers, have occurred with the intent to hinder, delay, and prevent payment by Pittra GB for obligations owed to Yantai and in violation of N.J.S.A. 25:2-25, and 27.

63. Upon information and belief, the foregoing transfers were also fraudulent under N.J.S.A. 25:2-27 because Pittra GB was "insolvent" within the meaning of N.J.S.A. 25:2-23 at the time the transfer was made, in light of Pittra GB's then-existing debts to Yantai and other creditors.

64. The foregoing actions, in violation of the N.J.F.T.A., have caused substantial damage to Plaintiffs.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

    a.  Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

    b.  Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

    c.  The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

    d.  Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

11

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 99    Filed 08/05/2005    Page 37 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 12 of 20

e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PBG International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as the assets of Pittra GB International and/or PGB International that have been transferred to others;

g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

h. Punitive damages against all defendants;

i. Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

j. Pre-judgment and post-judgment interest; and

k. Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

## SECOND COUNT
### (Fraud and Creditor Fraud)

65. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if more fully set forth at length herein.

66. The above acts by the defendants, whereby Pittra GB by and through its principals, owners, directors, officers and/or shareholders has transferred assets to PGB International, continued to own and/or exercise control over PGB International, and shielded its own assets by redistributing or diverting them to PGB International, constitutes fraudulent conduct, including creditor fraud, against Yantai.

12

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 38 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 13 of 20

67. The foregoing fraudulent conduct of the defendants has included, without limitation, Pittra GB's transfer of assets to PGB International in June 2003, gratuitous operation of PGB International by the same owners, directors, officers and/or shareholders of Pittra GB, while distributing substantial monies to PGB International, for the sole purpose of defrauding Pittra GB's creditors, designed to hinder, and delay Yantai in its legitimate efforts to collect monies due and owing.

68. Upon information and belief, Pittra GB and PGB International have become the alter-egos of each other, and the individual defendants herein, in order to conceal assets that would otherwise be available to Yantai as a creditor of Pittra GB, interposed to defeat justice, and to use the corporate form as an instrument to perpetuate and aggravate fraud, injustice or otherwise circumvent the law.

69. Upon information and belief, in order to remedy the foregoing fraud, and to satisfy Pittra GB's obligations to Yantai, Yantai is entitled to pierce the corporate veil in order to reach the assets and proceeds of all individual defendants, and to reverse pierce the corporate veil in order to reach the assets and proceeds of all corporate defendants, including PGB International.

70. The fraudulent conduct by defendants has proximately caused Yantai damages, including increased litigation and litigation expenses incurred in bringing these claims, and for the use, enjoyment and benefit of retaining the amount due to Yantai, for which Yantai is entitled to recover.

71. Defendants' fraud has been accompanied by actual malice and/or a wanton and willful disregard of Yantai's rights, with understanding that the acts could harm Yantai, thus making the defendants liable for punitive damages.

13

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 39 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 14 of 20

72. The fraudulent conduct alleged herein is actionable under New Jersey's common law.

73. The foregoing actions of the defendants have caused substantial damages to plaintiffs.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

    a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

    b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

    c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

    d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

    e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

    f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PGB International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as

14

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 40 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 15 of 20

the assets of Pittra GB International and/or PGB International
that have been transferred to others;

g.  The placing of a constructive trust and/or an equitable lien on
    and against all assets owned by any of the defendants for the
    purpose of recovering any claims held by Yantai against any
    assets fraudulently transferred;

h.  Punitive damages against all defendants;

i.  Recovery of all attorney fees incurred by Yantai in
    prosecuting this litigation;

j.  Pre-judgment and post-judgment interest; and

k.  Such other and further relief as the Court may deem just and
    proper, including costs and attorney's fees.

### THIRD COUNT
### (Civil Conspiracy)

74. Yantai incorporates by reference all of the allegations set forth in the
above paragraphs as if more fully set forth at length herein.

75. The defendants are a combination of two or more persons who entered
into a real agreement or confederation with a common design to commit a fraud or
creditor fraud, for an unlawful purpose, making every member of the conspiracy equally
and vicariously liable to Yantai for the damages proximately caused by a tortuous act of
one or more of the conspirators in furtherance of the conspiracy.

76. Upon information and belief, defendants' conspiracy to commit fraud
was actuated by actual malice or accompanied by a wanton and willful disregard of
person who foreseeably might be harmed by those acts or omissions, Yantai, making
them also liable for punitive damages.

77. The foregoing actions of the defendants have caused substantial
damages to the plaintiffs.

15

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 41 of 58    Filed 08/05/2005    Page 41 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 16 of 20

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally as follows:

    a. Entering judgment for the value of all assets transferred from Pittra GB to or for the benefit of PGB International, and the proceeds thereof (or the amount of Yantai's claim, whichever is less) pursuant to N.J.S.A. 25:2-30(b);

    b. Pre-judgment attachment of all assets held by all defendants of a value sufficient to secure payment of all amounts due Yantai in accordance with N.J.S.A. 25:2-29(a)(2);

    c. The granting of an injunction against further disposition of any assets from, or by and between, any of the defendants with respect to any asset they are holding or of other property pursuant to N.J.S.A. 25:2-29(a)(3)(a);

    d. Appointment of a receiver to take charge of all assets fraudulently transferred and of other property of the defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

    e. Avoidance of all transfers made and obligations incurred, pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to satisfy Yantai's claim;

    f. Piercing of the corporate veils of defendants PGB International, Pittra G.B. International, Pittra-Camerican, Pittra, Inc., G.B International, and reverse-piercing of the corporate veils of Pittra GB International and PGB International to reach the assets or proceeds Arthur Kupperman, Paulette Krelman, and E. Ross Browne invested in Pittra GB International and/or PGB International, as well as the assets of Pittra GB International and/or PGB International that have been transferred to others;

    g. The placing of a constructive trust and/or an equitable lien on and against all assets owned by any of the defendants for the purpose of recovering any claims held by Yantai against any assets fraudulently transferred;

    h. Punitive damages against all defendants;

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 42 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 17 of 20

    i.  Recovery of all attorney fees incurred by Yantai in prosecuting this litigation;

    j.  Pre-judgment and post-judgment interest; and

    k.  Such other and further relief as the Court may deem just and proper, including costs and attorney's fees.

### FOURTH COUNT
**(Damages from Fraudulent and Bad Faith Defense of Litigation)**

78. Yantai incorporates by reference all of the allegations set forth in the above paragraphs as if more fully set forth at length herein.

79. The foregoing conduct by defendants, including the failure to disclose to Yantai substantial foreign financing, the failure to utilize those funds to make payment to Yantai, defendants' fraudulent transfer of assets to a new corporation, and other acts and misrepresentations, constitute a bad faith defense of litigation, in order to prevent the defendants from being liable under Yantai's judgment.

80. Yantai has relied on the defendants' bad faith conduct, incurring excessive and additional time and expense in prosecuting the previous litigation, and the instant matter. This substantial expense could have been avoided by truthful actions and proper conduct.

81. The above stated bad-faith behavior on the part of defendants has prevented the proper and fair prosecution of the previous litigation, and has caused years of delay and additional expense, including legal fees and costs incurred by Yantai.

82. Accordingly, defendants should be liable to Yantai for all post-judgment costs of the former litigation and the institution of the within action, including

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 99    Filed 08/05/2005    Page 43 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 18 of 20

all attorneys' fees, investigation fees, accounting fees, and all other costs and expenses
expended in connection with this matter.

83. Defendants should also be liable for punitive damages because the
defendants undertook the materially alleged actions in bad faith and with fraudulent and
malicious intent.

WHEREFORE, plaintiff Yantai demands judgment against defendants Arthur
Kupperman, Paulette Krelman, E. Ross Browne, Sr.; PGB International, Pittra G.B.
International, Pittra-Camerican, Pittra, Inc., and G.B International, jointly and severally
as follows:

a. Entering judgment for the value of all assets transferred from
Pittra GB to or for the benefit of PGB International, and the
proceeds thereof (or the amount of Yantai's claim, whichever
is less) pursuant to N.J.S.A. 25:2-30(b);

b. Pre-judgment attachment of all assets held by all defendants of
a value sufficient to secure payment of all amounts due Yantai
in accordance with N.J.S.A. 25:2-29(a)(2);

c. The granting of an injunction against further disposition of any
assets from, or by and between, any of the defendants with
respect to any asset they are holding or of other property
pursuant to N.J.S.A. 25:2-29(a)(3)(a);

d. Appointment of a receiver to take charge of all assets
fraudulently transferred and of other property of the
defendants, pursuant to N.J.S.A. 25:2-29(a)(3)(b);

e. Avoidance of all transfers made and obligations incurred,
pursuant to N.J.S.A. 25:2-29(a)(1), to the extent necessary to
satisfy Yantai's claim;

f. Piercing of the corporate veils of defendants PGB
International, Pittra G.B. International, Pittra-Camerican,
Pittra, Inc., G.B International, and reverse-piercing of the
corporate veils of Pittra GB International and PGB
International to reach the assets or proceeds Arthur
Kupperman, Paulette Krelman, and E. Ross Browne invested

18

Case 06-02718-MS   Doc 17   Filed 09/22/06   Entered 10/16/06 14:32:54   Desc Main
Case 2:05-cv-01049-WJM-RJH   Document 1   Filed 08/05/2005   Page 44 of 58

Case 2:05-cv-01049-WJM-RJH   Document 1   Filed 02/18/2005   Page 19 of 20

in Pittra GB International and/or PGB International, as well as
the assets of Pittra GB International and/or PGB International
that have been transferred to others;

g.   The placing of a constructive trust and/or an equitable lien on
     and against all assets owned by any of the defendants for the
     purpose of recovering any claims held by Yantai against any
     assets fraudulently transferred;

h.   Punitive damages against all defendants;

i.   Recovery of all attorney fees incurred by Yantai in
     prosecuting this litigation;

j.   Pre-judgment and post-judgment interest; and

k.   Such other and further relief as the Court may deem just and
     proper, including costs and attorney's fees.

                              McCUSKER, ANSELMI, ROSEN,
                                CARVELLI & WALSH, P.A.
                              127 Main Street
                              Chatham, New Jersey 07928
                              (973) 635-6300
                              Attorneys for Plaintiffs,
                              Yantai North Andre Juice, Co., Ltd. and
                              Yantai North Andre Juice, Inc.


Dated: February 16, 2005      By: _____
                                  JONATHAN T.K. COHEN


19

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 1    Page 45 of 58    Filed 08/05/2005    Page 45 of 58

Case 2:05-cv-01049-WJM-RJH    Document 1    Filed 02/18/2005    Page 20 of 20

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action

pending in any other court or of any pending arbitration or administrative proceeding,

except for a matter pending in the United States District Court for the District of New

Jersey, captioned <u>Yantai, et al. v. Camerican International, Inc., et al.</u>, under civil action

number 2:02cv 047673.

> **McCUSKER, ANSELMI, ROSEN,
> CARVELLI & WALSH, P.A.**
> 127 Main Street
> Chatham, New Jersey 07928
> (973) 635-6300
> Attorneys for Plaintiffs,
> Yantai North Andre Juice, Co., Ltd. and
> Yantai North Andre Juice, Inc.

Dated: February 16, 2005          By: _____
                                       JONATHAN T.K. COHEN

20

# EXHIBIT C

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH  Document 2  Page 47 of 58  Filed 08/05/2005    Page 47 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 1 of 12

Michael M. Rosenbaum (MR 6304)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey  07078-0999
(973) 379-4800
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| YANTAI NORTH ANDREW JUICE CO., LTD. and YANTAI NORTH ANDRE JUICE, INC., | : Civil Action No. 05-1049 (WJM) |
| | : **FILED ELECTRONICALLY** |
|     Plaintiffs, | : |
| v. | : |
| ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR., PGB INTERNATIONAL f/k/a and/or a/k/a PITTRA G.B. INTERNATIONAL, f/k/a and/or a/k/a PITTRA-CAMERICAN f/k/a and/or a/k/a PITTRA, Inc., G.B. INTERNATIONAL, XYZ CORPORATIONS 1-10, and JOHN DOES 1-10, | : **ANSWER AND COUNTERCLAIM** |
|     Defendants. | : |

---

Defendants, Arthur Kupperman, Paulette Krelman, E. Ross Browne, Sr., PGB International, and Pittra G. B. International, answering the complaint, state:

### PARTIES, JURISDICTION AND VENUE

1.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 48    Filed 08/05/2005    Page 48 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 2 of 12

3.    Defendants admit that Arthur Kupperman resides in New Jersey, but deny that he resides in Warren, New Jersey.

4.    Defendants admit paragraph 4.

5.    Defendants admit paragraph 5.

6.    Defendants deny paragraph 6.

7.    Defendants admit paragraph 7.

8.    Defendants admit that PGB International is a New Jersey LLC with a principal place of business at 6 South Street, Morristown, NJ., but deny all other allegations of Paragraph 8.

9.    Defendants admit that Pittra G.B. International is a New Jersey corporation and had an office at 123 Madison Ave., Madison, NJ., but deny the remaining allegations of paragraph 9.

10.    Defendants deny paragraph 10.

11.    Defendants deny paragraph 11.

12.    Defendants deny paragraph 12, but concede that PGB International and Pittra G. B. International are located at 6 South Street, Morristown, NJ.

13.    Defendants deny paragraph 13.

14.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    Defendants deny paragraph 15.

16.    Defendants admit paragraph 16.

17.    Defendants admit paragraph 17.

-2-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 49 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 3 of 12

## GENERAL ALLEGATIONS

18.    Defendants repeat their answers to paragraphs 1 through 17.

19.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.    Defendants admit that Pittra G. B. International and PGB International were involved in the importation of industrial food ingredients, but deny all other allegations of paragraph 20.

21.    Defendants deny paragraph 21.

22.    Defendants deny paragraph 22.

23.    Defendants admit that Pittra G. B. International purchased product from Yantai North Andre Juice Co. Ltd., but defendants have neither knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23.

24.    Defendants admit paragraph 24.

25.    Defendants deny paragraph 25.

26.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

Case 06-02718-MS   Doc 17   Filed 09/22/06   Entered 10/16/06 14:32:54   Desc Main
Case 2:05-cv-01049-WJM-RJH   Document 14   Filed 08/05/2005   Page 50 of 58

Case 2:05-cv-01049-WJM-RJH   Document 2   Filed 04/19/2005   Page 4 of 12

29.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    Defendants have neither knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    Defendants deny paragraph 37.

38.    Defendants deny paragraph 38.

39.    Defendants deny paragraph 39.

40.    Defendants admit paragraph 40.

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 08/05/2005    Page 51 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 5 of 12

41.    Defendants admit that Arthur Kupperman and E. Ross Browne executed a corporate resolution on behalf of PGB International authorizing the purchase of certain assets from Pittra G.B. International, but deny the other allegations in paragraph 41.

42.    Defendants admit paragraph 42.

43.    Defendants admit paragraph 43.

44.    Defendants admit paragraph 44.

45.    Defendants deny that Kupperman and Krelman are married to each other, but admit all other allegations of paragraph 45.

46.    Defendants admit paragraph 46, but note that the customer agreements which PGB International acquired were those set forth in Schedule 1(a) (i)annexed to the Asset Purchase Agreement.

47.    Defendants admit paragraph 47.

48.    Defendants admit paragraph 48.

49.    Defendants admit paragraph 49.

50.    Defendants admit paragraph 50.

51.    Defendants admit paragraph 51.

52.    Defendants deny that Kupperman and Krelman are married to each other, but admit all other allegations of paragraph 52.

53.    Defendants admit that PGB International's website is www.pittra.com but deny the other allegation in paragraph 53.

54.    Defendants deny paragraph 54.

-5-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 94    Filed 08/05/2005    Page 52 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 6 of 12

55.    Defendants admit that PGB International does business with some former customers of Pittra G.B. International, but denies all other allegations of paragraph 55.

56.    Defendants deny paragraph 56.

57.    Defendants admit paragraph 57.

58.    Defendants admit paragraph 58, but notes that PGB International is an LLC.

<u>FIRST COUNT</u>
(Fraudulent Transfer Act)

59.    Defendants repeat their answers to paragraphs 1 through 58.

60.    Defendants deny paragraph 60.

61.    Defendants deny paragraph 61.

62.    Defendants deny paragraph 62.

63.    Defendants deny paragraph 63.

64.    Defendants deny paragraph 64.

<u>SECOND COUNT</u>
(Fraud and Creditor Fraud)

65.    Defendants repeat their answers to paragraphs 1 through 64.

66.    Defendants deny paragraph 66.

67.    Defendants deny paragraph 67.

68.    Defendants deny paragraph 68.

69.    Defendants deny paragraph 69.

70.    Defendants deny paragraph 70.

71.    Defendants deny paragraph 71.

-6-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 22    Filed 08/05/2005    Page 53 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 7 of 12

72.    Defendants deny paragraph 72.

73.    Defendants deny paragraph 73.

### THIRD COUNT
(Civil Conspiracy)

74.    Defendants repeat their answers to paragraphs1 through 73.

75.    Defendants deny paragraph 75.

76.    Defendants deny paragraph 76.

77.    Defendants deny paragraph 77.

### FOURTH COUNT
(Damages from Fraudulent and Bad Faith Defense of Litigation)

78.    Defendants repeat their answers to paragraphs1 through 77.

79.    Defendants deny paragraph 79.

80.    Defendants deny paragraph 80.

81.    Defendants deny paragraph 81.

82.    Defendants deny paragraph 82.

83.    Defendants deny paragraph 83.

### AFFIRMATIVE DEFENSES

1.    PGB International purchased certain assets of Pittra G.B. International and paid more than their reasonably equivalent value.

2.    The formation of PGB International and its acquisition of certain assets of Pittra G.B. International was for legitimate business reasons and not to hinder, delay or defraud creditors.

-7-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document    Page 54 of 58    Filed 06/05/2005    Page 54 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 8 of 12

3.    PGB International purchased certain assets of Pittra G.B. International in good faith and for a reasonably equivalent value. See N.J.S.A. 25:2-30a.

4.    Any judgment in plaintiffs' favor will be subject to an equitable adjustment as required in N.J.S.A. 25:2-30b and c.

5.    In the event it is determined that a defendant is liable to plaintiffs, such liability must be reduced by the amount of value given Pittra G.B. International for the transferred assets. See N.J.S.A. 25:2-30d(3).

6.    To the extent that plaintiffs allege a cause of action under N.J.S.A. 25:2-27b., it is barred by the applicable one-year limitations period contained in N.J.S.A. 25:2-31c.

7.    Certain remedies sought by plaintiffs are barred by principles of laches.

8.    Defendant Pittra G.B. International was not a debtor of Plaintiffs because they were liable to said defendant for breach of contract, tortious interference and violation of the Franchise Practices Act and plaintiffs liability exceeded any amounts owed to them by said defendant.

9.    The defenses in N.J.S.A.25:2-30 shield defendants from liability.

-8-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 44    Filed 08/05/2005    Page 55 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 9 of 12

## COUNTERCLAIM

1.      Defendant Pittra G.B. International, by way of counterclaim against plaintiffs,

states:

### FIRST COUNT
(Breach of Contract)

2.      Pittra G. B. International was in the business of purchasing industrial food

ingredients for resale to food processors.

3.      Plaintiffs produce and sell industrial food ingredients.

4.      In 2001 plaintiffs, by written contract (hereafter exclusive contract), appointed

Pittra G.B. International plaintiffs' exclusive representative for the sale of plaintiffs' products to

certain specified customers (hereafter exclusive customers).

5.      Pursuant to the exclusive contract, Pittra G.B. International purchased plaintiffs'

products and resold them to the exclusive customers, thereby earning substantial profits.

6.      In 2002, plaintiffs breached the exclusive contract by selling to exclusive customers

directly or through other resellers or intermediaries.

7.      As a consequence of plaintiffs' breach of the exclusive contract Pittra G.B.

sustained damages.

WHEREFORE, defendant- counterclaimant, Pittra G. B. International demands judgment

against plaintiffs for monetary damages and such other relief to which it may be entitled.

Case 06-02718-MS   Doc 17   Filed 09/22/06   Entered 10/16/06 14:32:54   Desc Main
Case 2:05-cv-01049-WJM-RJH   Document 94   Filed 08/05/2005   Page 56 of 58

Case 2:05-cv-01049-WJM-RJH     Document 2     Filed 04/19/2005     Page 10 of 12

## SECOND COUNT
### (Good Faith and Fair Dealing)

8.     Defendant-counterclaimant, Pittra G.B. International repeats the allegations in paragraphs 1 through 5 of this counterclaim.

9.     In 2002, plaintiffs breached the implied covenant of good faith and fair dealing by selling to exclusive customers directly or through other resellers or intermediaries.

10.    As a consequence of plaintiffs' breach of the implied covenant of good faith and fair dealing Pittra G.B. International sustained damages.

WHEREFORE, defendant-counterclaimant, Pittra International G. B. demands judgment against plaintiffs for monetary damages and such other relief to which it may be entitled.

## THIRD COUNT
### (Tortious Interference with Prospective Economic Advantage)

11.    Defendant-counterclaimant, Pittra G.B. International, repeats the allegations in paragraphs 1 through 5 of this counterclaim.

12.    Defendant-counterclaimant, Pittra G.B. International, had a legitimate expectation of continued economic benefit and goodwill in its relationships with the exclusive customers.

13.    Plaintiffs intentionally and maliciously interfered with Pittra G.B. International's relationships with the exclusive customers by soliciting business from the exclusive customers directly or through intermediaries, thereby causing confusion among the exclusive customers regarding the identity of plaintiffs' authorized representatives and casting doubt on Pittra G. B. International's credibility as Plaintiffs' exclusive representative.

-10-

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Document    Page 57 of 58
Case 2:05-cv-01049-WJM-RJH    Document 14    Filed 08/05/2005    Page 57 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 11 of 12

14.    As a consequence of plaintiffs' intentional and malicious interference, Pittra G. B. International's relationships with the exclusive customers was severely damaged ,thereby impairing goodwill and causing loss of future sales to those customers.

WHEREFORE, defendant –counterclaimant demands judgment against plaintiffs for monetary damages and such other relief to which it may be entitled.

**FOURTH COUNT**
(Franchise Practices Act)

15.    Defendant- counterclaimant, Pittra G.B. International repeats the allegations in paragraphs 1 through 5 of this counterclaim.

16.    The exclusive contract granted Pittra G.B. International a franchise within the meaning of The Franchise Practices Act (the Act), N.J.S.A. 56:10-1 et. seq.

17.    Plaintiffs terminated the franchise in violation of the Act, thereby damaging the defendant-counterclaimant.

WHEREFORE, defendant-counterclaimant demands judgment against plaintiffs for monetary damages, counsel fees and such other relief to which it may be entitled.

BUDD LARNER, P.C.
Attorneys for Defendants


BY:_____/s_____
    MICHAEL M. ROSENBAUM

DATED: April 19, 2005

Case 06-02718-MS    Doc 17    Filed 09/22/06    Entered 10/16/06 14:32:54    Desc Main
Case 2:05-cv-01049-WJM-RJH    Document 34    Filed 08/05/2005    Page 58 of 58

Case 2:05-cv-01049-WJM-RJH    Document 2    Filed 04/19/2005    Page 12 of 12

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending

in any other court or of any pending arbitration or administrative proceeding, except for a matter

pending in the United States District Court for the District of New Jersey, captioned <u>Yantai, et al.</u>

<u>v. Camerican International, Inc., et al.,</u> under civil action number 2:02 cv 04767.

BUDD LARNER, P.C.
Attorneys for Defendants


BY:_____/s_____
MICHAEL M. ROSENBAUM

DATED:  April 19, 2005


### CERTIFICATION OF SERVICE

I, Michael M. Rosenbaum, hereby certify that I caused a copy of defendants' Answer and

Counterclaim to be served this 19th day of April 2005 via telecopier upon the following:

Jonathan T.K. Cohen, Esq.
McCusker, Answelmi, Rosen,
 Carvelli & Walsh, P.A.
127 Main Street
Chatham, NJ  07928


_____/s_____
MICHAEL M. ROSENBAUM

DATED: April 19, 2005